**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL SHOE CORPORATION OF PUERTO RICO, Respondent.**

**No. 6599.**

United States Court of Appeals
First Circuit.

Heard Feb. 9, 1966.
Decided March 8, 1966.

---

* Of the District of Connecticut sitting by designation.

Warren M. Davison, Attorney, Washington, D. C., with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Clarice R. Feldman, Attorney, Washington, D. C., were on brief, for petitioner.

George L. Weasler, Santurce, P. R., for respondent.

Before ALDRICH, Chief Judge, and MARIS * and COFFIN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned this court to enforce its order directing International Shoe Corporation of Puerto Rico to bargain in good faith with Sindicato Obrero Insular, the union which on June 28, 1963 was certified after an election as the collective bargaining agent of the Corporation's production and maintenance employees at its Manati plants. The Corporation engaged in collective bargaining with the union for a period of about ten months after that date, but on June 24, 1964 declined to negotiate further with the union on the stated ground that it had filed the charges with the Board which later became the basis for the order here sought to be enforced.

The Corporation asserts a number of defenses against the enforcement of the order, all of which we have carefully considered and find to be without merit. It is sufficient to say that it is settled law that, absent unusual circumstances which we do not find present here, an employer is required to bargain with the certified representative of its employees for the full period of one year after certification, if that much time is necessary to reach agreement. And this is required even though the union loses its majority during the year through no fault of the employer. Brooks v. N. L. R. B., 1954, 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125; N. L. R. B. v. United States Sonics Corporation, 1 Cir. 1963, 312 F.2d 610. Moreover the filing by the union of a charge of unfair labor practices does not relieve the employer of his duty to bargain collectively. N. L. R. B. v. Harris, 5 Cir. 1953, 200 F.2d 656; N. L. R. B. v. Taormina Co., 5 Cir. 1953, 207 F.2d 251; N. L. R. B. v. Kit Manufacturing Company, 9 Cir. 1964, 335 F.2d 166, 167, cert. den. 380 U.S. 910, 85 S.Ct. 894, 13 L.Ed.2d 797.

A decree enforcing the order of the Board will be entered.

